FILED
4/11/2023 10:16 AM
Judge Blanca Oliver - JP6
Denton County, Texas

CAUSE NO. S23-089J6

| | |
|---|---|
| PAIGE LOLLAR, | IN THE JUSTICE COURT |
| Plaintiff, | |
| v. | PRECINCT 6 |
| BANK OF AMERICA, N.A. and EXPERIAN INFORMATION SOLUTIONS, INC. | DENTON COUNTY, TEXAS |
| Defendant(s). | |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION

NOW COMES, Plaintiff PAIGE LOLLAR ("Plaintiff"), by and through her attorneys, Jaffer & Associates, PLLC, and brings this *Original Verified Petition* against Defendants BANK OF AMERICA, N.A., ("BofA") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), collectively referred to as the ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure

### JURISDICTION & VENUE

2. This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

3. Plaintiff seeks monetary relief within this Court's jurisdictional limits.

4. Venue in Denton County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Denton County, Texas.

## PARTIES AND SERVICE

5. Plaintiff is a resident of Denton County, Texas.

6. At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681aI.

### Bank of America, N.A. ("BofA")

7. Defendant BofA is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

8. Defendant BofA is duly authorized and qualified to do business in the State of Texas and can be served with a copy of this Verified Petition along with Citation upon any officer, director, or bank manager at its branch location at 2501 S Congress Ave., Austin, TX 78704.

9. BofA meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

### Experian Information Solutions, Inc.

10. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a company registered to do business in the State of Texas and may be served with process upon CT Corporation System its registered agent for service of process, at 1999 Bryan St., Ste 900, Dallas, TX 75201.

11. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

13. As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all the above paragraphs of this Verified Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. In or around October 2021, Plaintiff noticed a BofA account ("Account") on her credit reports that she did not cause to be opened.

16. Plaintiff has filed and submitted a Federal Trade Commission Identity Theft Report ("FTC Report"). See a true and correct copy of the FTC Report dated January 30, 2023 attached as **Exhibit A**.

17. Plaintiff identified the Account in the FTC Report as a Fraudulent account.

18. On or about January 20, 2023, Plaintiff filed a police report with the Denton Police Report that she was a victim of forgery and identity theft. See a true and correct copy of the Denton Police Incident Report attached as **Exhibit B**.

19. Plaintiff has disputed the Account to Experian as well as through the Consumer Financial Protection Bureau ("CFPB") multiple times without any luck.

20. Plaintiff was denied a personal loan from Integra Credit in July of 2022 and has been denied student loans as well the erroneous Account has been furnished on her credit report with Experian.

**Experian Credit Report**

21. The Account is being reported as a charged off account with $2,609.00 written off and a past due balance of $2609.00 as of January 2023 on Plaintiff's Experian credit report. See a copy of Experian's credit report dated February 3, 2023 attached as **Exhibit C**.

22. Plaintiff has disputed the Account with Experian several times since she became aware of the Account in early 2021 with a recent dispute in January of 2023.

23. On a recent credit report, **Exhibit C**, Experian stated the Account has remained unchanged from the processing of Plaintiff's dispute in January of 2023 and continues the report the disputed Account on Plaintiff's file. See **Exhibit C**.

**BofA**

24. Plaintiff has disputed this account several times since she became aware of the identity theft.

25. It I believed and averred that Experian forwarded Plaintiff's dispute to BofA.

26. It is believed and averred that BofA conducted investigations after receiving Plaintiff's disputes from Experian.

27. To this day BofA continues to report false and misleading information relating to the Accounts on Plaintiff's Experian credit report.

28. For these reasons, BofA violated the FCRA.

29. To this day BofA continues to report false and misleading information relating to the Accounts on Plaintiff's Experian credit reports despite Plaintiff's dispute.

30. For these reasons, BofA has violated the Fair Credit Reporting Act.

**Credit Reporting Errors**

31. Experian continues to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

32. Despite the disputes by Plaintiff that the information on her consumer report was

4 | Page

inaccurate with respect to the disputed account, Experian did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

33. In the alternative, Experian failed to contact BofA and therefore failed to perform any investigation at all.

34. In the alternative it is alleged that Experian did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

35. On Plaintiff's Experian credit report the Account/s has been marked as charged off under the monthly payment history from January 2020 through January 2023 (with February 2020 and August 202 being marked not reported), implying that there is an ongoing financial obligation when there is not.

36. By marking the monthly payment status history on a closed/charged-off account, Defendants make it appear that there is an ongoing financial obligation when there is not, further damaging Plaintiff's credit file. By doing so, Defendant is compounding the derogatory impact on Plaintiff's FICO Score. This type of reporting has adversely affected Plaintiff when potential lenders were making credit decisions regarding Plaintiff and their willingness to extend credit.

37. Once an account has been marked as charged off, the following months should not be marked late and or closed/charged off.

38. Plaintiff alleges that a "CO" or charge off is a one-time event, and a single debt cannot be charged off repeatedly.

39. Experian states that a "'Charge Off' means that the credit grantor wrote your account off of their receivables as a loss, and it is closed to future charges." A credit grantor is not allowed to write off a single debt twice as that would be afoul of the Internal Revenue Service.

It is technically inaccurate to report a "charge off" every month, because the data furnisher cannot write an account off on their receivables on a continues basis. *See* https://www.experian.com/blogs/ask-experian/what-does-charge-off-mean/.

40. Once a debt is charged off, the payment history of that debt cannot be updated on a monthly basis to "continue to reflect the charge off". This type of reporting cannot be acceptable under the FCRA as, in addition to being patently incorrect, the repeated charge offs compound the derogatory impact as seen by the tally of the total number of charge offs on a given account which is listed in the account summary.

41. Plaintiff alleges that Defendant is familiar with credit reporting industry standards and subscribes thereto.

42. Plaintiff alleges that all of Defendant's actions alleged herein were committed knowingly, intentionally, and in reckless disregard for credit reporting industry standards to purposefully undermine Plaintiff's ability to repair her FICO Score.

43. In the alternative, Plaintiff alleges that Defendant's actions were the result of reckless policies and procedures that inevitably led to inaccurate, misleading, or incomplete credit reporting.

44. Defendants' furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms in addition to suffered credit denial, mental anguish, and frustration.

## FIRST CAUSE OF ACTION
### Willful Violation of the § 1681s2-b as to BofA

41. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

43. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

44. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

45. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

46. BofA violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's dispute reported by Experian with respect to the Account; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

47. Specifically, BofA continues to report the Account as having been opened by Plaintiff despite the FTC affidavit.

48. As a result of the conduct, action and inaction of the BofA, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49. The conduct, action and inaction of BofA was willful, rendering BofA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

50. Plaintiff is entitled to recover reasonable costs and attorney's fees from BofA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against BofA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### Negligent Violation of § 1681s2-b as to BofA

52. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

54. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

57. BofA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

58. After receiving Plaintiff's disputes, BofA negligently failed to conduct its investigation in good faith and continued to report the Account stemming from identify theft.

59. A reasonable investigation would require a furnisher such as BofA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

60. As a result of the conduct, action and inaction of the BofA, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61. The conduct, action and inaction of BofA was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681(o).

62. Plaintiff is entitled to recover reasonable costs and attorney's fees from BofA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

63. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against BofA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### Willful Violation of § 1681e(b) as to Experian

64. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

66. Experian violated 15 U.S.C. § 1681I(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

67. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
    b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

70. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

71. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681I(b) as to Experian

72. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length

herein.

73. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

74. Experian violated 15 U.S.C. § 1681I(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

75. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;
   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
   d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;
   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;
   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;
   h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

76. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and

emotional pain, anguish, humiliation and embarrassment of credit denial.

77. The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

78. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).\

## FIFTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Experian

79. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

80. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

81. Experian violated 15 U.S.C. § 1681(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

82. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

 a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
 b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
 c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;
 d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;
 e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the

            information was inaccurate;

    f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

83. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

84. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

85. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

86. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Experian

87. Plaintiff incorporates by reference all of the above paragraphs of this Verified Petition as though fully state herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

89. Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

90. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

91. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

92. The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

93. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
2. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
3. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);
4. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);
5. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: April 10, 2023

Respectfully Submitted,

/s/ *Allen Robertson*

**SHAWN JAFFER**
SB 24107817
**ALLEN ROBERTSON**
SB 24076655
**ROBERT LEACH**
SB 24103582
**SHAKERIA NORTHCROSS**
SB 24116836

**JAFFER & ASSOCIATES, PLLC**
5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T) **214.494.1871** (F) **888.509.3910**
(E) ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW
**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, PAIGE LOLLAR, declare the following:

1. I have personal knowledge of the matters alleged in the foregoing Complaint;
2. The allegation contained herein are true and correct; and
3. I am a victim of identity theft.

I verify under the penalty of perjury that the foregoing is true and correct.

Executed this __10__ day of __April__, 2023.

DocuSigned by:

*Paige Lollar*

Paige Lollar